UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSEPH TRAMAGLINO,

        Petitioner,

   v.

MICHAEL S. EVANS, Warden, et al.

        Respondents.
_____/

NO. CIV. 07-0511 WBS KJM

ORDER

----oo0oo----

        Petitioner, a California prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On June 4, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.

1

Respondents have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Although respondents readily concede that petitioner's Fourth Amendment and Eighth Amendment grounds for relief were fully exhausted during his direct appeal in state court, they nonetheless object to the Findings and Recommendations insofar as it overlooks what they interpret as the Federal Petition's third claim based on ineffective assistance of counsel.

It is well established that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971); see also 28 U.S.C. § 2254(b) (codifying rule). A state prisoner's federal habeas petition, therefore, "should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991) (emphasis added); see also Rose v. Lundy, 455 U.S. 509, 510 (1982) (holding that a district court must dismiss petitions containing mix of exhausted and unexhausted claims unless a petitioner chooses to amend and resubmit).

        1.   Question 12 of Federal Petition

Respondents' objections are predicated upon petitioner's response to Question 12 of the Federal Petition. (See Pet. 3-4.) The first paragraph in Question 12 directs petitioners to do the following:

2

> State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same. . . . For your information, the following is a list of the [ten] most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. . . . Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts.

(Id. at 3-4.) As expressed, immediately following this instruction is a list of ten most frequently raised grounds related to habeas relief, labeled (a) through (j). (Id.) Petitioner failed to explicitly follow the question's directive to withhold from checking/marking the listed grounds, instead circling Ground (c), "Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure," and Ground (d), "Conviction obtained by use of evidence obtained pursuant to an unlawful arrest." (Id.) Finally, Questions 12(A) and 12(B), labeled "Ground one" and "Ground two," respectively, provide space for petitioners to respond to the instruction more thoroughly by listing their asserted grounds for relief in writing. (Id.)

Respondents point out, and the Federal Petition so reflects, that petitioner wrote the phrase "see attached pages" on the lines entitled "Ground one" and "Ground two" instead of listing the actual grounds for relief. (Id. at 5; Resp't's Objections to Findings and Recommendations 2:5-7.) Respondents contend that the phrase "see attached pages" references the plethora of documents that petitioner attached to the Federal Petition, including a handwritten document titled "Ground 1-A."

3

(Resp't's Objections to Findings and Recommendations 2:22-23.)

The heading of this "Ground 1-A" document contains the phrases "Grounds for Relief[,] Ineffective Assistance of Counsel Barry Zimmer [sic]" and "'Supporting Facts.'"  (Pet. 10.)  The body of the two-page document consists of facts alleged by petitioner in support of his claim of ineffective assistance of counsel.[1]  (Id. at 10-11.)  If petitioner's reference to the "Ground 1-A" document represents his intent to utilize the claim of ineffective assistance of counsel in the Federal Petition, petitioner would not qualify for federal habeas relief under 28 U.S.C. § 2254(b) because the Federal Petition would include a presently unexhausted ground for relief.  See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").

A closer inspection of the Federal Petition, however, suggests that petitioner was not referencing the "Ground 1-A" document when he used the phrase "see attached pages" in his response to Question 12.  Specifically, Question 11 of the Federal Petition instructs petitioners to list any previously filed "petitions, applications, or motions with respect to [the trial court's judgment] in any court, state or federal" and also to list the "Grounds raised" in that proceeding.  (Pet. 2.)

---

[1] The "Ground 1-A" document, however, is not dated, does not indicate the proceeding in which such facts are alleged, and is not paginated.  (Id.)

4

Petitioner thus appropriately answered Question 11 by referencing his State Petition proceedings, see supra, Part I.C, and under "Grounds raised," petitioner wrote "Ineffective Assistance of Counsel[,] see attached writ Exhibit (A-1)"--Exhibit (A-1) being a copy of petitioner's State Petition.  (Pet. 1, 8-21.)

Notably, the "Ground 1-A" document asserting ineffective assistance of counsel is actually positioned between pages two and three of Exhibit (A-1)/the State Petition.[2]  (Pet. 8-21.)  Based on its location within the State Petition, it logically follows that the "Ground 1-A" document was originally submitted as an attachment to the State Petition and was not specifically created for the purpose of supplementing petitioner's answer to Question 12 of the Federal Petition.[3] Consequently, it appears that the sole purpose for inclusion of the "Ground 1-A" document in the Federal Petition was to offer proof of petitioner's previous State Petition, in response to Question 11, and not an attempt to seek an additional ground for relief in the Federal Petition.  Respondents's have apparently mistaken petitioner's motive for including the "Ground 1-A"

---

[2] The State Petition consists of a standardized form designed specifically for prisoners proceeding pro se, similar to the Federal Petition, and is six pages in length.  When petitioner submitted the State Petition as an attachment to the Federal Petition, he submitted the "Ground 1-A" document between pages two and three of the State Petition.  (Pet. 8-21.)

[3] Additionally, the "Ground 1-A" document corresponds with Question 6 of the State Petition, which directs petitioners to assert their grounds for relief.  (Pet. 18-19.)  Part 1(a) of Question 6 asks petitioners to offer "Supporting facts" for their relief.  The court therefore assumes that the "Ground 1-A" document was created to answer "Part 1(a)" of Question 6, and would explain its inclusion between pages 2 and 3 of the Exhibit (A-1), the State Petition.

5

document, taken its contents out of context, and ultimately mischaracterized its purpose.

This conclusion is further supported by petitioner's circling of Grounds (c), "Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure," and (d), "Conviction obtained by use of evidence obtained pursuant to an unlawful arrest," in Question 12--each of which relate to the two grounds for relief under the Fourth and Eighth Amendments that petitioner has repeatedly asserted are the only grounds sought in his Federal Petition. (Pet. 4.) Although petitioner clearly circled Grounds (c) and (d), he evidently did not circle Ground (i), titled "Denial of effective assistance of counsel." (Id.) Petitioner points out, and the court is inclined to agree, that had his intention been to assert ineffective assistance of counsel as a ground for relief, he would have also circled Ground (i) when he circled Grounds (c) and (d). See B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1100-01 (9th Cir. 2002) (acknowledging that, where the "development of facts supporting [plaintiff's] allegations was exceedingly sparse," a district court could look to a form complaint's indicative marks or checked boxes to supplement its inquiry as to which claims were actually alleged).

2. Petitioner's Traverse

Finally, in his Traverse, petitioner clarifies why he responded to Question 12 by writing "see attached pages." (Docket No. 20.) Petitioner explains that the phrase "see attached pages" was not meant to reference the "Ground 1-A" document, but was instead a reference to the "Index of his

6

Petition for Review" previously filed with the California Supreme Court during his direct appeal, see supra, Part I.B, and thereafter submitted as an attachment to the Federal Petition. (Pet.'s Traverse in Opp'n to Resp't's Mot. to Dismiss 1-4; see also Pet. 27-63; Lodgement 2.)  The "Index of the Petition for Review" clearly contains petitioner's two arguments with respect to the purported violations of his Fourth and Eighth Amendment rights as they were presented to, and subsequently rejected by, the Supreme Court on direct appeal.  (Pet. 27.)

         Petitioner's use of the phrase "see attached pages," without further description or explanation, was admittedly a vague and problematic method of responding to Question 12, particularly because petitioner attached over fifty pages of scattered documents to the Federal Petition.  Notwithstanding this ambiguity, the aforementioned discussion clearly indicates that petitioner intended to assert only those claims raised on direct appeal to the California Supreme Court as grounds for relief in the instant Federal Petition.  Petitioner's propensity for submitting documents with imprecise and ambiguous references, though onerous, is not a sufficient reason to reject his instant contention, particularly when he is proceeding pro se and the nature of the "Ground 1-A" document can be inferentially ascertained.  See Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) ("A document filed pro se is 'to be liberally construed' [and] must be held to less stringent standards than formal pleadings drafted by lawyers."); cf. Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

         Accordingly, because the Federal Petition seeks relief

7

based only upon petitioner's properly exhausted claims, the court will adopt the Magistrate Judge's Findings and Recommendations advising the court to deny respondents' motion to dismiss the Federal Petition.

IT IS THEREFORE ORDERED that (1) the proposed Findings and Recommendations filed June 4, 2008 be, and the same hereby are, ADOPTED and (2) respondents' motion to dismiss be, and the same hereby is, DENIED.

Respondents are ordered to file their answer to the Complaint within sixty days.

DATED: August 5, 2008

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE