IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH TRAMAGLINO,

    Petitioner,                    No. CIV S-07-0511 WBS KJM P

    vs.

MICHAEL S. EVANS, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

                                /

          Petitioner is a state prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. He alleges two grounds of relief: (1) the trial court erred in denying the motion to suppress evidence on the basis that it was the product of an illegal search and seizure under the Fourth Amendment, and (2) the trial court's indeterminate sentence of twenty-five years to life constitutes cruel and unusual punishment under the Eighth Amendment.[1] Respondents have filed an answer, and petitioner a traverse.

/////

/////

---

[1] Respondent previously moved to dismiss a claim for ineffective assistance of counsel. In an order adopting findings and recommendations to deny the motion to dismiss, the District Judge assigned to this case clarified that petitioner has in fact not alleged ineffective assistance of counsel as a basis for relief under the federal habeas statute. See Order (Docket No. 26) at 2-8.

1

I. <u>Factual and Procedural Background</u>

Respondents concede that petitioner has exhausted his claims by first pursuing habeas relief through California's three-tiered habeas process. <u>See</u> Answer at 2. The last reasoned court decision addressing petitioner's state habeas claims was the opinion of the California Court of Appeal, Third Appellate District. <u>See</u> Respondent's Lodged Document No. 1 (Docket No. 33) (Opinion). It provides the relevant factual background of this case:

> A jury convicted [petitioner] of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and unlawful possession of a hypodermic needle and syringe (Bus. & Prof. Code, § 4140). The jury deadlocked on a charge of possession of marijuana for sale (Health & Saf. Code, § 11359), and the court declared a mistrial on that charge. Defendant admitted two prior serious felony convictions under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b) - (I), 1170.12, subds. (a) - (d)), and having served three prior prison terms (<u>id.</u> § 667.5, subd. (b)). He was sentenced to 25 years to life for possession of methamphetamine, a concurrent 90-day sentence for possession of the hypodermic needle, and a consecutive 3-year term for the prior prison term enhancements.
>
> . . .
>
> Defendant had two prior serious felony convictions, a 1971 conviction for first degree robbery (Pen. Code § 211) and a 1994 conviction for assault with a firearm (Pen. Code, § 245, subd. (a)(2)). The probation report also noted three prior felony convictions for transporting, importing or selling a controlled substance (Pen. Code, § 11379), a prior conviction for being a felon or addict in possession of a firearm (Pen. Code § 12021, subd. (a)), 11 misdemeanor convictions, 15 parole violations and several commitments to the California Youth Authority. The court rejected defendant's motion to dismiss his two prior serious felony convictions. It found the robbery conviction was old and defendant's "list of offenses and convictions is just basically continuous."

Opinion at 1, 4.

/////

/////

/////

/////

II.     Standard For Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein as "§ 2254(d)" or "AEDPA").[2] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

---

[2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

3

fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law. As stated above, the Court of Appeal's denial of petitioner's state habeas claims provides the last reasoned decision for this court's habeas review.

"Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

/////
/////
/////
/////

III.     Petitioner's Fourth Amendment Claim

Petitioner avers that the trial court erred when it denied his motion to suppress evidence found in a black pouch at the time of his arrest. Pet. at 36-49.[3] In <u>Stone v. Powell</u>, 428 U.S. 465 (1976), the Supreme Court held that "where the state has provided an opportunity for full and fair litigation of a fourth amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." <u>Id.</u> at 494.

Petitioner does not allege he was deprived of the opportunity to challenge the search of the black pouch. To the contrary, his argument that the search was illegal focuses on the alleged error in the trial court's decision after it held a hearing on his motion to suppress. Pet. at 36-38, 41-49. Petitioner attaches an excerpt of the transcript of that hearing, which, as petitioner points out, was held as provided by California Penal Code § 1538.5. <u>Id.</u> at 16-17. The trial court heard petitioner's attack on the search, including his counsel's cross-examination of the officer who performed the search, and denied the motion to suppress. Under <u>Stone</u>, that is the end of the inquiry for purposes of federal habeas review. "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 899 (9th Cir. 1996). Having received a hearing on his motion to suppress evidence under the Fourth Amendment, petitioner's claim of an illegal search and seizure cannot be the basis of federal habeas relief; therefore it should be dismissed.

IV.     Petitioner's Eighth Amendment Claim

Petitioner claims his sentence of twenty-five years to life violates the Eighth Amendment because it is disproportionate to the underlying offense of methamphetamine possession. Pet. at 50-62. In <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), the Supreme Court stated

---

[3] Page references to the petition are to those assigned by the court's CM/ECF system.

that in addressing an Eighth Amendment challenge to a prison sentence, the "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework [of AEDPA] is the gross disproportionality principle, the precise contours of which are unclear and applicable only in the 'exceedingly rare' and 'extreme' case." Id. at 73. In Taylor v. Lewis, 460 F.3d 1093 (9th Cir. 2006), the Ninth Circuit defined the contours of a challenge to the proportionality of a sentence:

> [W]e consider "objective factors" to the extent possible. Foremost among such factors are the severity of the penalty imposed and the gravity of the offense. Comparisons among offenses can be made in light of, among other things, the harm caused or threatened to the victim or society, the culpability of the offender, and the absolute magnitude of the crime.

Id. at 1098. The Taylor panel further noted that comparisons with other sentences imposed on other offenders in California or elsewhere "are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Id. at n.7 (internal quotations and citations omitted). Thus, for purposes of review under AEDPA, there is no "constitutional imperative" that a court engage in intra- or interjurisdictional comparisons between sentences. Nunes v. Ramirez-Palmer, 485 F.3d 432, 438 (9th Cir. 2007).

In analyzing petitioner's claim that his sentence is grossly disproportionate to his crime, the California Court of Appeal, relied heavily on the U.S. Supreme Court's decision in Ewing v. California, 538 U.S. 11 (2003):

> In Ewing, the court recognized increased incapacitation and deterrence for career criminals as legitimate rationales for California's Three Strikes Law. The court reasoned that in weighing the gravity of the defendant's offenses, "we must place on the scales not only his current felony, but also his long history of felony recidivsm. Any other approach would fail to accord proper deference to the policy judgments that find expression in the legislature's choice of sanctions." The court concluded the defendant's criminal record, three prior burglaries and one robbery, typified the career criminal the Legislature wanted to incapacitate. "'[T]he consitutionality of the practice of inflicting severer

> criminal penalties upon habitual offenders is no longer open to serious challenge.'"
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> Defendant's sentence, in light of his criminal record and the deference to the legislative rationales, is proportionate to his culpability. An evaluation of defendant's age, prior history, personal characteristics, and mental state show a clear pattern of recidivism, disdain for the law, and failure of character. He has been in the California Youth Authority, in prison, or on parole almost continuously for more than 40 years. Since defendant is a career criminal, his sentence is not disproportionate.

Opinion at 10-11 (citations omitted).

Petitioner's case closely resembles <u>Taylor</u> in the nature of the underlying offense and the petitioner's criminal record, making the Court of Appeal's application of <u>Ewing</u> both reasonable and accurate. In <u>Taylor</u>, the Ninth Circuit considered a challenge by an offender who was convicted of possessing 0.036 grams of cocaine after having committed two prior serious or violent felonies and a multitude of other offenses. Here, petitioner was convicted of possessing 0.39 grams of methamphetamine. <u>See</u> Pet. at 53. He does not dispute that the conviction followed his conviction for two serious felonies, one of them violent, that, according to the trial court, were part of a "'list of offenses and convictions [that] is just basically continuous.'" Opinion at 4; <u>cf</u>. Pet. at 56-57. The <u>Taylor</u> petitioner and this petitioner both were sentenced to twenty-five years to life under California's Three Strikes Law. The <u>Taylor</u> panel found: (1) the sentence was "identical" to other Three Strikes sentences upheld by the Supreme Court and the Ninth Circuit;[4] (2) the gravity of the "triggering offense" was "at least as serious as the property offenses involved in <u>Rummel</u> [v. Estelle, 445 U.S. 263 (1980)], <u>Ewing</u>, and <u>Andrade</u>, where the Supreme Court upheld recidivist sentences of 12 or 25 years to life;" and (3) a criminal history "spanning some 30 years" weighed heavily in favor of the state court's application of clearly established law. <u>Taylor</u>, 460 F.3d at 1098-1101. Here, in addition to a closely analogous

---

[4] The "identical" cases cited in <u>Taylor</u> are <u>Andrade</u> and <u>Ewing</u>, as well as <u>Rios v. Garcia</u>, 390 F.3d 1082 (9th Cir. 2004).

1  "triggering offense" of drug possession, the Court of Appeal had before it a "career criminal"
2  who "has been in the California Youth authority, in prison, or on parole almost continuously for
3  more than 40 years." Opinion at 11. In light of these factors on which the Court of Appeal
4  expressly relied, this court cannot conclude that the state appellate court's decision was "contrary
5  to" or an "unreasonable application of" the law established in Ewing.

AEDPA directs that the court inquire whether the Court of Appeal's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The similarity of this case to Taylor, while not determinative, is highly indicative of the Court of Appeal's reasonably applying clearly established law as determined by the Supreme Court. The length of sentence, gravity of the offense and petitioner's extensive recidivist history put this case squarely in the league of cases that have applied Ewing and Lockyer to uphold sentences under California's Three Strikes law. This is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."[5] Ewing, 538 U.S. at 29 (citations and internal quotations omitted). Petitioner's Eighth Amendment claim should be denied.

V.  Petitioner's Motions Attached To Traverse

Petitioner has attached to his traverse a "motion to schedule an evidentiary hearing" and a "motion for expansion of the record." See Traverse at 38, 42 (Docket No. 34). Neither motion is well-taken. An evidentiary hearing in a habeas case is not warranted where, as here, the petition only raises issues of law. Townsend v. Sain, 372 U.S. 293, 309 (1963) (overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992)). Moreover, the Supreme Court has held that a party who seeks to expand the record in a habeas case must meet the

---

[5] Because an "inference of gross disproportionality" is a condition precedent to considering comparisons between petitioner's sentence and those imposed in California or other jurisdictions, there is no basis for conducting that analysis here. Taylor, 460 F.3d at 1098 n.7.

requirements for an evidentiary hearing under 28 U.S.C. § 2254(e)(2) even if he does not also seek an evidentiary hearing. Holland v. Jackson, 542 U.S. 649, 653 (2004). Because petitioner has not met the requirements of § 2254(e)(2), the court will not expand the record.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2010.

_____
U.S. MAGISTRATE JUDGE

---

4
tram0511.157